UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK

EARLINE ROBINSON,

                Plaintiff,

- against -

L. PAGAN, NEW YORK STATE PAROLE
AGENT, et al.,

                Defendants.

REPORT AND
RECOMMENDATION

05 Civ. 1840 (DAB) (RLE)

**To the HONORABLE DEBORAH A. BATTS, U.S.D.J.:**

## I. INTRODUCTION

Plaintiff, Earline Robinson, brings this *pro se* action under 42 U.S.C. §§ 1983, 1985, and 1988 against defendants, New York State Parole Officers L. Pagan, C. David-Atkinson, and S. Penister; and L. G. Walker, Supervisor of the Bronx Special Operations Group, Sex Offender Unit, for alleged First, Eighth, Ninth, and Fourteenth Amendment violations. Robinson seeks declaratory and injunctive relief, and compensatory and punitive damages from the Court. On June 24, 2005, defendants moved to dismiss the complaint pursuant to Rule 12(b)(1) and 12(b)(6), Federal Rules of Civil Procedure. This matter was referred to the undersigned on August 8, 2005, for resolution of dispositive motions.

After reviewing the record and the parties arguments, the Court found that material factual assertions were in dispute, and that it could not decide the motion to dismiss without considering matters outside of the pleadings. Pursuant to Rule 12(c), by order dated December 8, 2005 ("December 8 Order"), the Court treated the motion to dismiss as one for summary judgment, and directed the parties to submit supporting affidavits and documentation pertinent to

a motion under Rule 56, Federal Rules of Civil Procedure. Defendants submitted the Affidavit of Cheryl David-Atkinson, dated January 25, 2006, in support of their summary judgment motion. Robinson filed a motion, dated January 14, 2006 ("January 14 motion"), for an extension of time to respond, and discovery, but failed to otherwise submit documentation pertinent to the resolution of the summary judgment motion. For the reasons which follow, I recommend that Robinson's January 14 motion be **DENIED** as futile, and defendants' summary judgment motion be **GRANTED**.

## II. BACKGROUND

Robinson is under the supervision of the New York State Department of Parole. On March 14, 1985, he was convicted and sentenced in Pennsylvania to a term of four and a half to ten years incarceration. Complaint, Facts[1]. On April 7, 1994, he was released on parole, and subsequently allowed to serve his parole in New York under the supervision of Parole Officer Penister. **Id**. In 1999, Robinson was arrested on fraudulent accosting charges. **Id**. On August 21, 2000, he pled guilty. **Id**. On May 9, 2003, he was released on parole under David-Atkinson's supervision. **Id**. On September 18, 2004,[2] Robinson was arrested on child molestation charges. **Id**. He was released from custody on September 19, 2004. David-Atkinson received notification of the arrest on September 20, 2004. David-Atkinson interviewed Robinson on September 21, 2004, regarding the nature of his arrest. On September 28, 2004, David-Atkinson arrested Robinson during a scheduled office visit. Robinson maintains that his

---

[1] References to the complaint cannot be more specific because paragraph numbers are lacking.

[2] The dates in the complaint are not consistent with other dates in the record. For consistency, the Court will use the dates that seem appropriate based on the parties arguments, and the evidence on the record.

September 28 arrest was effectuated without a warrant or probable cause. **Id**. at Count I. He contends that he was subject to unreasonable and excessive force during the arrest and detention. **Id**. He was subsequently released from custody on December 24, 2004. The child molestation charge was dismissed on September 29, 2005, by the New York Supreme Court, Bronx County. January 14 motion. Robinson also alleges that defendants made false statements to his neighbors, and that they sanctioned him unfairly by forcing him to relocate from his home, and to participate in a sex offenders program. Complaint at Count III.

### III. DISCUSSION

**A. Legal Standard**

In evaluating a summary judgment motion the Court reviews the pleadings, depositions, answers to interrogatories and admissions on file, together with the affidavits, if any, to determine if there exists a genuine issue of material fact to preclude the moving party from a judgment as a matter of law. Rule 56; ***see also* Celotex Corp. v. Catrett**, 477 U.S. 317 (1986). A pre-discovery motion, as in this case, is viewed by the Court with significant caution. ***See* Serendip LLC v. Franchise Pictures LLC**, 2000 WL 1277370, at *8 (S.D.N.Y. Sept. 7, 2000). However, summary judgment is appropriate where no reasonable trier of fact could find in favor of the nonmoving party, **H.L. Hayden Co. of New York, Inc. v. Siemes Med. Sys., Inc.**, 879 F.2d 1005, 1011 (2d Cir. 1989), thereby "dispos[ing] of meritless claims before becoming entrenched in a frivolous and costly trial." **Donahue v. Windsor Locks Bd. of Fire Comm'rs**, 834 F.2d 54, 58 (2d Cir. 1987).

The moving party bears the burden of showing that no genuine issues of material fact exist. **Celotex**, 477 U.S. at 323. Where the Court is considering the claims of a *pro se* litigant,

the pleadings must be construed liberally, especially if the complaint alleges civil rights violations.  *See* **Arnold v. Goetz**, 245 F. Supp. 2d 527, 534 (S.D.N.Y. 2003).  However, a nonmoving party cannot rely merely on conclusory allegations or speculation, and "may not rest on the pleadings but must further set forth specific facts in the affidavits, depositions, answers to interrogatories, or admissions showing a genuine issue exists for trial." **Cifarelli v. Village of Babylon**, 93 F.3d 47, 51 (2d Cir. 1996).  A genuine issue of fact exists if there is a basis for a rational trier of fact to find for the nonmoving party.  **Matsushita Elec. Indus. Co., Ltd. v. Zenith Radio Corp.**, 475 U.S. 574, 587 (1986).  "[T]here is no issue for trial unless there is sufficient evidence favoring the nonmoving party for a jury to return a verdict for that party." **Anderson v. Liberty Lobby, Inc.**, 477 U.S. 242, 249 (1986).  "If the evidence is merely colorable, or is not significantly probative, summary judgment may be granted." **Id**. at 249-250. If the nonmoving party fails to respond by "affidavits or as otherwise provided in [Rule 56] . . . summary judgment, if appropriate, shall be entered against the adverse party."  Rule 56(e).

**B. Robinson's Opposition Papers Do Not Raise New Claims**

Robinson maintains that his arrest on September 28, 2004, was unlawful because it was conducted without a warrant or probable cause.  Complaint, Count I.  Defendants argue that Robinson, in his opposition papers, asserts for the first time that this action stems from their failure to procure a warrant and conduct a parole violation hearing, and ask the Court to disregard these claims.  Defendants' Reply Memorandum of Law ("Def. Reply") at 4.  The Court finds that defendants' argument is unpersuasive.  Robinson, in his complaint, alleges that defendants deprived him of due process, and that they failed to make a determination of probable cause prior to his arrest.  Complaint, Count I.  Reading Robinson's complaint with the liberality afforded to

4

*pro se* litigants the Court finds that the arguments in Robinson's opposition papers do not raise new claims, and are, in fact, consistent with his complaint.

**C. Robinson's Unreasonable Seizure and False Arrest Claims**

Robinson argues that his September 28 arrest was effectuated without a warrant. Complaint, Count I. A parolee is "entitled to some quantum of Fourth Amendment protection against 'unreasonable searches and seizures.'" **United States ex rel. Randazzo v. Follette**, 418 F.2d 1319, 1322 (2d Cir. 1969). Under New York law if a parolee violates a parole condition, "a parole officer shall report such fact to a member of the board or a designated officer." N.Y. Comp. Codes R. & Regs. Tit. 9, § 8004.2(a). The "member or designated officer may issue a warrant . . . provided that the designated officer issuing the warrant shall not also be the officer recommending issuance of the warrant." **Id**. at § 8004.2(b).

Defendants contend that Robinson's September 28 arrest was conducted pursuant to a warrant. David-Atkinson Aff. at 1-2. The record supports defendants' contention. *See* Warrant for Retaking and Detaining a Paroled or Conditionally released Prisoner, dated September 28, 2004 ("warrant"), attached to David-Atkinson Aff. as Exh. A. Robinson's arrest was effectuated pursuant to an administrative warrant issued by the parole board based on reasonable cause to believe that he violated the conditions of his release. **Id**.; *see* N.Y. Exec. Law. § 259-i(3)(a)(i); *see also* **William G. v. Pataki**, 2005 WL 1949509 (S.D.N.Y. Aug. 12, 2005). The warrant was issued because of Robinson's September 18 arrest, and for failing to report his arrest to David-Atkinson. David-Atkinson Aff. at 2. Robinson has failed to controvert defendants' evidence, and has otherwise failed to submit factual or evidentiary support for his contention that a warrant was not procured.

Once a warrant is issued, a preliminary hearing is held, and the adjudicatory process begins. N.Y. Comp. Codes R. & Regs. Tit. 9, § 8004.3; *see also* **Scotto v. Almenas**, 143 F.3d 105 (2d Cir. 1998). Robinson alleges that defendants lacked probable cause to arrest him, and failed to conduct a preliminary hearing to revoke his parole. A preliminary hearing is held if "a parolee has not been convicted of a crime committed while under [parole] supervision . . . [and] denies that he has violated any condition of his release." 28 C.F.R. § 2.49(a). The hearing must take place no later than fifteen days from the date the warrant was executed. N.Y. Exec. Law. § 259-i(3)(a)(i). The standard of proof at the hearing is "probable cause to believe that the . . . parolee . . . has violated one or more conditions of his . . . parole . . . in an important respect." **Id**.

Evidence in the record indicates that defendants held a parole violation hearing on October 8, 2004. *See* Decision and Judgment, Preliminary Violation Hearing, State of New York Board of Parole, dated October 8, 2004, attached as Exh. D to David-Atkinson Aff. The hearing officer found there was probable cause that Robinson violated the conditions of his release. **Id**. With respect to the parole revocation hearing, Robinson has also failed to controvert defendants's evidence, and to otherwise submit factual or evidentiary support for his allegation.

Robinson also asserts that his September 28 arrest and subsequent detention was unlawful because his child molestation charges were eventually dismissed. *See* Certificate of Disposition, New York Supreme Court, Bronx County, dated October 14, 2005, attached to Robinson's January 14 motion as Exh. A. However, "[section] 1983 claims for false arrest or false imprisonment are barred unless the underlying criminal proceedings, in this case the revocation of parole, was terminated in [his] favor." **Hinton v. Mortiz**, 11 F. Supp. 2d 272, 275 (W.D.N.Y.

6

1998). Robinson's claims for false imprisonment is barred because the parole revocation hearing did not terminate in his favor. The record indicates that the decision of the parole revocation hearing supported Robinson's arrest and detention. Since probable cause to believe that specific crimes were committed by the parolee is not required, **Follette**, 418 F.2d at 1319, the hearing determination is sufficient to effectuate Robinson's arrest.

Based on the record, the parties arguments, and defendants's evidence, the Court finds that, with respect to the false arrest and imprisonment claims, there is no genuine issue of material fact. Robinson, however, asks the Court for an extension of time, and for discovery, presumably to include additional facts. January 14 motion. Such an extension would be unwarranted and futile in this case. The record clearly indicates that defendants provided Robinson with due process by procuring a warrant, and conducting a parole revocation hearing. No material facts are left in dispute. Since additional time and discovery could not provide relevant information, the motion is **DENIED**, and I recommend that Robinson's unreasonable seizure and false arrest claims be **DISMISSED**.

**D. Robinson's Claims are Unsubstantiated**

Robinson also alleges that: 1) he was subjected to unreasonable and excessive force during his arrest and detention (Complaint, Count I); 2) his September 28 arrest and detention constituted a violation of his privacy and his right to be free from unjustified intrusion upon his physical security (Complaint, Count II); 3) Walker was involved in the deprivation of his constitutional rights (Complaint, Count II); 4) he suffered great emotional injury and trauma (Complaint, Count III); and 5) defendants have violated his equal protection rights (Complaint,

7

Count IV).

Although Robinson had an opportunity to substantiate these allegations in both his response to defendants' motion, and supplemental submission to the Court following the December 8 Order, he makes only vague and conclusory statements without any specific or particularized facts to support these claims. He has also failed to show that discovery will produce supporting evidence. Defendants maintain that the Court should dismiss these allegations because they are legal conclusions that are not accompanied by supporting facts. Def. Mem. at 9. Although the Court evaluates Robinson's pleadings with the liberality afforded to *pro se* litigants, "bald assertions and conclusions of law will not suffice to state a claim," **Tarshis v. Riese Org.**, 211 F.3d 30, 35 (2d Cir. 2000). The Court may dismiss a claim if it is not adequately articulated in the pleadings. *See* **Sanders v. New York**, 692 F. Supp. 308, 312 (S.D.N.Y. 1988).

Robinson's status as a parolee also affords him limited constitutional rights, and no liberty interest in being free from special parole conditions. "Parole is not freedom. A parolee is a convicted criminal who has been sentenced to a term of imprisonment and who has been allowed to serve a portion of that term outside prison walls. " **United States v. Polito**, 583 F.2d 48, 54 (2d Cir. 1978). "Parole releases him from immediate physical imprisonment but it imposes conditions which significantly confine and restrain his freedom." **Id**. (citation omitted). In light of Robinson's parolee status, and since he made only conclusory allegations in the pleadings, I recommend that the Court **DISMISS** these claim.

**G. Robinson's Conspiracy Claim**

Robinson alleges that defendants "individually and collectively devised a scheme to continue [his] harassment" after his release from detention on December 24, 2004. Complaint, Count III. To support a conspiracy allegation Robinson must demonstrate that an agreement existed between defendants. *See* **Whitfield v. Forest Electrical Corp.**, 772 F. Supp. 1350, 1353 (S.D.N.Y. 1991). He must proffer more than conclusory allegations in order to support a civil rights conspiracy complaint. *See* **Hyman v. Holder**, 2001 WL 262665, at *5 (S.D.N.Y. Mar. 15, 2001) (citation omitted). Robinson, however, has failed to support his conspiracy allegation by alleging any facts from which the Court could infer a conspiracy. The record does not show that an agreement existed between defendants to harass Robinson. Robinson has not alleged any facts from which the Court can infer a conspiracy. I, therefore, recommend that the Court **DISMISS** the conspiracy claim in Count III of the complaint.

**H. Robinson's Defamation Claim**

Robinson also contends that defendants made false and malicious statements concerning his child molestation charges, and exhibited his photograph to neighbors, and members of the community. Complaint, Count III. Defendants maintain that a free-standing defamatory statement is not a constitutional deprivation, and that defamation by itself is a tort actionable only under state law.

To support a defamation allegation under § 1983, Robinson must show a deprivation of a protected liberty interest as a consequence of a probably false statement. *See* **Velez v. Levy**, 401 F.3d 75 (2d Cir. 2005). Robinson argues that he was forced to move from his home, and

9

participate in a program for sex offenders. He maintains that this is unfair and discriminatory. As a parolee, Robinson does not have the protected liberty interest in being free from special conditions. *See* **Pena v. Travis**, 2002 WL 31886175 at *13 (S.D.N.Y. Dec. 27, 2002). It is well within the Division of Parole's discretion to impose supervision conditions that the parolee deems onerous. **Id**. at *9. As the court noted in **Pena**, conditions of parole are discretionary and not subject to judicial review in the absence of a showing that the board or its agents acted in an arbitrary or capricious manner. **Id.** The record shows that the conditions defendants imposed on Robinson were the result of his September 18 arrest. Robinson's arguments, and the record, does not indicate that he was deprived of a protected liberty interest. I recommend, therefore, that the defamation claim in Count III be **DISMISSED**.

**I. Claims Against Penister**

Robinson alleges that on October 2, 1999, Penister "intentionally, fraudulently informed [him] that he was no longer on parole." Complaint, Count IV. Defendants assert that Robinson's claims against Penister "must be dismissed because they are barred by the doctrine of collateral estoppel and the statute of limitations." Def. Mem. at 14. The Court finds that defendant's argument has merit. "[T]he statute of limitations for a claim under § 1983 that accrued in New York is three years." **Jaghory v. New York State Dept. of Educ.**, 131 F.3d 326, 331 (2d Cir. 1997). Robinson's last contact with Penister was on October 2, 1999. Since this date is five years before Robinson filed this action, I recommend that the Court **DISMISS** this claim.

**J. Immunity**

Defendants maintain that all claims against defendants in their official capacities are barred by the Eleventh Amendment. They also contend that they are entitled to qualified immunity. Since the Court recommends that all claims against defendants be dismissed, the Court does not reach this issue.

### III. CONCLUSION

For the foregoing reasons, I recommend that Robinson's January 14 motion for an extension of time, and discovery be **DENIED** as futile, and defendants's summary judgment motion be **GRANTED**.

Pursuant to Rule 72, Federal Rules of Civil Procedure, the parties shall have ten (10) days after being served with a copy of the recommended disposition to file written objections to this Report and Recommendation. Such objections shall be filed with the Clerk of the Court and served on all adversaries, with extra copies delivered to the chambers of the Honorable Deborah A. Batts, 500 Pearl Street, Room 2510, and to the chambers of the undersigned, Room 1970. Failure to file timely objections shall constitute a waiver of those objections both in the District Court and on later appeal to the United States Court of Appeals. *See* **Thomas v. Arn**, 474 U.S. 140, 150 (1985); **Small v. Secretary of Health and Human Services**, 892 F.2d 15, 16 (2d Cir. 1989) (*per curiam*); 28 U.S.C. § 636(b)(1) (West Supp. 1995); Fed. R. Civ. P. 72, 6(a), 6(e).

**DATED: February 15, 2006**
**New York, New York**

Respectfully Submitted,

*[signature]*

**The Honorable Ronald L. Ellis**
**United States Magistrate Judge**

Copies of this Report and Recommendation were sent to:

Earline Robinson
3940 Bronx Blvd. #5
Bronx, NY 10466

Julia Hyun-Joo Lee
New York State
Atttorney General
120 Broadway
New York, NY 10271