

UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK
----------------------------------x
EARLINE ROBINSON,
                    Plaintiff,

    -against-

L. PAGAN, N.Y. State Parole Agent,
L.G. WALKER, Supervisor, Bronx
Special Operations Group - Sex
Offender Unit, C. DAVIS-ATKINSON,
N.Y. State Parole Agent; S. PENNISTER,
N.Y. State Parole Agent; JOHN and JANE
DOES, 1 through 100, et al.,

                    Defendant.
----------------------------------x

05 Civ. 1840 (DAB)
ADOPTION OF REPORT
AND RECOMMENDATION,
AND FURTHER ORDER
OF THE COURT

DEBORAH A. BATTS, United States District Judge.

    On February 15, 2006, United States Magistrate Judge Ronald L. Ellis issued a Report and Recommendation ("Report"), recommending that Defendant's Summary Judgment motion be GRANTED, and that Plaintiff's Motion for an Extension of Time and for Discovery be DENIED as futile. (Report at 6). In addition, Plaintiff has filed a Motion for Injunctive Relief, which was received by this Court on May 4, 2006. For the reasons contained herein, Magistrate Judge Ellis' Report and Recommendation shall be ADOPTED, and Plaintiff's Motion for Injunctive Relief shall be DENIED.

## I. ADOPTION OF REPORT AND RECOMMENDATION

Pursuant to 28 U.S.C. § 636(b)(1)(C), "[w]ithin ten days after being served with a copy [of the Magistrate Judge's Report and Recommendation], any party may serve and file written objections to such proposed findings and recommendations." 28 U.S.C. § 636(b)(1)(C); see also Fed. R. Civ. P. 72(b) (stating that "[w]ithin 10 days after being served with a copy of the recommended disposition, a party may serve and file specific, written objections to the proposed findings and recommendations"). The District Court is required under 28 U.S.C. § 636(b)(1)(C) to make a "de novo determination of those portions of the report or specified proposed findings or recommendations to which objection is made."

Plaintiff states in his Affidavit In Opposition To The Defendants' Motion For Summary Judgment[1] that he "objects to each, every, and all of the Magistrate Judge's Report & Recommendation . . . ." Where a party only raises general objections, "a district court need only satisfy itself there is no clear error on the face of the record." Nelson v. Smith, 618

---

[1] Though the title of this Affidavit does not denote that it consists of Plaintiff's objections, it was filed ten days after the entry of the Report and Recommendation. For this reason, and because the Affidavit states therein that Plaintiff objects to the Report and Recommendation, this Court presumes that the Affidavit is meant as Plaintiff's objections.

F. Supp. 1186, 1189 (S.D.N.Y. 1985); see also Brown v. Peters, 1886 WL 5999355, 1997 U.S. Dist. LEXIS 14718, at *7 (N.D.N.Y. Sept. 22, 1997) (where only general objections are filed to report and recommendation, a court need only review for clear error) (citing cases). Indeed, "objections that are merely perfunctory responses argued in an attempt to engage the district court in a rehashing of the same arguments set forth in the original [papers] will not suffice to invoke de novo review...." Vega v. Artuz, No. 97 Civ. 3775, 2002 WL 31174466, at *1 (S.D.N.Y. Sept. 30, 2002). Such objections "would reduce the magistrate's work to something akin to a meaningless dress rehearsal." Id. (citations and internal quotations marks omitted). See also Kiggins v. Barnhart, 2004 WL 1124169, at *1 (S.D.N.Y. May 20, 2004) (reviewing the report and recommendation for clear error where objections were essentially reiterations of arguments made in earlier submissions and conclusory accusations). After conducting the appropriate level of review, the Court may then accept, reject, or modify, in whole or in part, the findings or recommendations made by the Magistrate. 28 U.S.C. § 636(b)(1)(C); see also Local Civil Rule 72.1(d).

Because Plaintiff's objections either are general or re-assert arguments already submitted to the Magistrate Judge, this Court need only review the Report and Recommendation for clear

error. Having found no clear error on the record, the Report and Recommendation of United States Magistrate Judge Ronald L. Ellis, dated February 15, 2006, is APPROVED, ADOPTED and RATIFIED by the Court in its entirety.[2]

## II. DENIAL OF INJUNCTIVE RELIEF

Plaintiff also has moved this Court for injunctive relief pursuant to Rule 65(a) and Rule 65(b) of the Federal Rules of Civil Procedure. His Motion asks the Court to enjoin Defendants from imposing certain parole conditions upon him. Not only do the Court records indicate that this document was never served on Defendants, but Plaintiff's Motion also fails on its merits. The Special Conditions of Release to Parole Supervision (see Pl.'s Mot. at Ex. B) pertain to the fraudulent accosting charges to which Plaintiff pled guilty on August 21, 2000. These parole

---

[2] Even were Plaintiff's January 14, 2006 Motion for an extension of discovery granted, there is no discovery that would ultimately prove favorable to Plaintiff. For example, Plaintiff contends that he was arrested without a warrant, but Defendants have produced a copy of the warrant for the record. Plaintiff also contends that he was subject to unconstitutional parole conditions, but parolees' liberty rights are limited, and do not shield Plaintiff from supervision conditions he deems onerous. Pena v. Travis, 2002 WL 31886175 at *13 (S.D.N.Y. Dec. 27, 2002) ("Conditions of parole are discretionary and not subject to judicial review in the absence of a showing that the board or its agents acted in an arbitrary and capricious manner. Review of conditions of parole are generally matters for state courts."). Granting additional discovery to Plaintiff would be futile.

4

conditions are not related to the dismissed sexual molestation charges against him. This is evidenced by the "Date of Release" as listed on the form – June 9, 2003 – which predates the sexual molestation charges by more than a year. Moreover, the termination date for parole supervision – October 28, 2006 – is also the "Parole Violation Max Date" listed on the August 24, 2001 decision of the Pennsylvania Board of Probation and Parole. (See Defs.' Mem. of Law in Opp. To Pl.'s Objections to the Report and Recommendation, Ex. A.) That decision was rendered pursuant to the fraudulent accosting charges (see id.), not the sexual molestation charges.

Because these parole conditions do not pertain to the dismissed sexual molestation charges, and because parolees' liberty rights are limited, see Pena, 2002 WL 31886175 at *13, Plaintiff's Motion for an Injunction is hereby DENIED.

### III. CONCLUSION

For the reasons contained herein, the February 15, 2006 Report and Recommendation of Magistrate Judge Ronald L. Ellis is APPROVED, ADOPTED, and RATIFIED. Defendants' Motion for Summary Judgment is GRANTED and Plaintiff's January 14, 2006 Motion for an Extension of Time is DENIED. Plaintiff's Motion for Injunctive Relief also is DENIED.

The Clerk of Court is directed to CLOSE THE DOCKET for this case.

SO ORDERED.

Dated:    New York, New York
          December 11, 2006

                                        _____
                                        DEBORAH A. BATTS
                                        United States District Judge